# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS OROZCO-RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　Defendants.<br>_____ | Civil No: 02-CR-0543/04-CV-2251-B (AJB)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY ON THIS COURT'S ORDER DENYING PETITIONER'S MOTION TO AMEND ORIGINAL HABEAS PETITION AND TERMINATING CASE |

　　　The Ninth Circuit remanded the instant case to this Court for the limited purpose of granting or denying a certificate of appealability on this Court's Order Denying Petitioner's Motion to Amend Original Habeas Petition and Terminating Case. For the reasons herein, the Court **DENIES** the certificate of appealability.

## I.  BACKGROUND

　　　In June of 2002, Luis Orozco-Rodriguez ("Petitioner") was convicted of importation and possession with the intent to distribute over 10 kilograms of cocaine. Based on the

sentencing guidelines and Petitioner's relevant conduct, the Court sentenced Petitioner to 121 months, the lowest possible sentence consistent within the guideline range. Petitioner then appealed his conviction to the Ninth Circuit; the appeal was denied on November 12, 2003.

On November 9, 2004, Petitioner filed his original petition for habeas corpus relief under 28 U.S.C. § 2255 (the "Original Petition") which contained five grounds for relief, including a claim for ineffective assistance of counsel. On November 23, 2005, the Court denied all of Petitioner's grounds for relief with the exception of one claim for ineffective assistance of counsel claim based on whether the U.S. attorney prosecuting the case ever made an alleged plea offer to Petitioner's trial counsel. The Court later concluded that there was no evidence to support this claim, and as such, on August 31, 2006, the Court denied Petitioner's final claim of his Original Petition.

At the evidentiary hearing on Petitioner's final claim, Petitioner through his counsel had made an oral motion to amend his Original Petition to add an additional ground for habeas corpus relief, specifically, that Petitioner's trial counsel failed to seek application of the "safety valve" eligibility at sentencing. On August 31, 2006, the Court granted this motion, without prejudice to the government's right to raise any procedural or substantive defense or objection, "including, without limitation, an assertion that the amended petition is time barred under 28 U.S.C. §2255 ¶ 6 or that it represents an impermissible successive petition under 28 U.S.C. §2255 ¶ 8." Petitioner then amended his petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255 (the "Amended Petition"); the government responded with its opposition. After considering these briefs and the applicable law, on May 30, 2007, the Court found that Petitioner had failed to demonstrate adequate cause for why he could not have developed his safety valve claim earlier. The Amended Petition was impermissibly successive under the plain meaning of 28 U.S.C. § 2255 ¶ 8 and was therefore procedurally barred. The Court did not reach the merits of the Petitioner's ineffective assistance of counsel claim.

On June 29, 2007, Petitioner filed a Notice of Appeal with the Ninth Circuit. The Ninth Circuit, on July 18, 2007, issued an order to this Court, remanding the instant case for the limited purpose of granting or denying a certificate of appealability.

## II. ANALYSIS

### A. STANDARD OF LAW

Under 28 U.S.C. § 2253, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." To obtain a certificate of appealability ("COA"), where the district court has considered the habeas petition on its merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If, however, the habeas petition was denied on procedural grounds without reaching the merits, "a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

### B. CERTIFICATE OF APPEALABILITY IN THE INSTANT CASE

Because the denial of Petitioner's motion was based only on a procedural bar and this Court did not reach the merits of the amended claim, Petitioner's appeal must satisfy two-part test set out in Slack v. McDaniel, 529 U.S. 473, 484 (2000), to warrant the grant of a COA. The Court may consider these two parts in any order and resolve the one that is most readily apparent from the record. Id. at 485.

Addressing the first part of the test, if a procedural bar is clearly warranted such that "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further," no COA is merited. Id. at 484. Here, there was a clear-cut bar. A claim cannot be raised in a later habeas petition that could have been raised in an earlier petition. Allen v. Ornoski, 435 F.3d 946, 956 (9th

1  Cir. 2006). Petitioner is responsible for conducting a reasonable and diligent investigation
2  to establish his claims for relief. 28 U.S.C. § 2244(b)(2)(B)(i) (defendant must show that
3  "the factual predicate for the claims could not have been discovered previously through the
4  exercise of due diligence"); Clark v. Lewis, 1 F.3d 814, 823 (9th Cir. 1993) (citing
5  McClesky v. Zant, 499 U.S. 467, 497 (1991)).

   In the instant case, the record indicated that there was no reason why Petitioner could not have previously raised the factual and legal grounds asserted in his Amended Petition regarding the failure of counsel to raise the application of the safety valve to his sentence. Most telling was Petitioner's appeal of his conviction to the Ninth Circuit in 2003, three years before he filed the instant Amended Petition. United States v. Orozco-Rodriguez, 81 Fed. Appx. 132, 133-34 (9th Cir. 2003). As evidenced both by Petitioner's own appellate brief (Brief of Defendant-Appellant at 22-28, United States v. Orozco-Rodriguez, No. 02-50646, Mar. 31, 2003) and the opinion of the Ninth Circuit, Orozco-Rodriguez, 81 Fed. Appx. at 133-34, Petitioner raised the issue that a safety valve departure was not sought in 2003. Petitioner, therefore, was aware long before even his Original Petition was filed that he had a claim for the failure of counsel to raise the applicability of the safety valve. To the extent Petitioner could have raised this issue in his habeas petition at all, there is no reason why it could not have been raised in his Original Petition filed in November 2004. The Court therefore **FINDS** therefore that there was a clear procedural reason for denying the Amended Petition which no reasonable jurist would find debatable. Accordingly, the Court **DENIES** the COA.

   **IT IS SO ORDERED**

DATED: July 24, 2007

Hon. Rudi M. Brewster
United States Senior District Court Judge

cc: Hon. Anthony J. Battaglia
    United States Magistrate Judge

    All Counsel of Record